As the decision cf the court Was founded jipon only one of the grounds, it_seems Unnecessary,to take notice of any other than that ground. One link in the plaintiff’s chain of title, was a writ of jieri facias, issued in pursuance of a judgment obtained in Chales, ton, under which execution the land in questiou was sold by the sheriff of Ninety Six district, and purchased by the plaintiff. In the sheriff’s deed to the plaintiff, made in consequence of this sale, the substance of the execution is recited. In that deed the execti. lion is stated, to be tested the 27th day of March, 1791. Upon the production of the execution! it appeared to be deficient in the test as follows: “the twenty-second day of March, one thousand seven hundred and sixteenth.” These defects were at. tempted to be supplied by intendment; It was said that from advert-tog to the whole writ, it might be collected with sufficient certainty that the year of our Lord 1792 was meant, and the sixteenth year of Independence; and that the defect being a clerical omission, ought to ■ be rectified, especially to quiet an innocent purchaser at sheriff’s sale. Upon the production of the judgment, it appeared that that was signed in 1792.
The execution was indorsed by the sheriff as levied on the land to July, 1792. The sale appeared to have taken place in April, 1795; and to have been made by the successor of the sheriff who made the levy. The plaintiff’s counsel endeavored to show, that the judgment might properly have been signed in August, and the execution bear test in March, in the same year, as the court iu Charleston might have continued in session from the 27th of March antil some time in August, and that execution must bear test from *418 ^rst ^)e ter™» although it must not in fact issue until after judgment entered up. But it did not appear that the execution had in fact issued after the judgment was signed.
Note. Execution may issue before judgment entered upon signing the roll. See Law of Executions, 43. Judgment relates to, and is considered a judgment from the first day of the term; and execution tested the first day of the term, relates to, and consists with the judgment. See 2 Ld. Caym. 766. 7 Mod. 2, 93. 3 P. Wms. 399. 7 T. II. 20. May have relation bail: to a time anterior to defendant’s death; and good, although sued out after. The deiiveryto the sheriff, and his indorsement when lodged, affects only where purchasers are concerned. See fctat. Frauds, and 7 T. R. 22, But if defendant be in fact dead before judgment signed, execution cannot issue by relation, &c. 6 T. R. 368. See 2 Stra. 882, 1081. 3 P. Wms. 400. Salk. 87. 2 Mod. 93. Sltinn. 257. 2 Mod. 310. I Bos. and Pul. 571.
See 4 T. R. 632. An execution acquiesced under, is equivalent to a conveyance.
The case was held under advisement until about the 1st of May, 1810, when th,e resolution of, the court was delivered by Smith, J., jn favor of a new trial, on the ground that it was impossible to re« concile the evidence afforded by the execution produced in proof of the recital in the sheriff’s deed, with the statement in the deed ; and that evidence, extrinsic of the execution, could not be resorted to, to make them agree. That the evidence brought in support of'the deed contradicted it; and that it was decided in the case of D’Urphey v. Nelson, (see 1 vol. 289, 476,) that such evidence cannot avail. That the blanks in the writ of fi. fa. could not be filled up by construction or intendment. T.hat it appeared, at any rate, from the most favorable interpretation that could be given to the documents, even from the sheriff’s deed itself, upon which the plaintiff founded his claim, that the levy on the land was not made by the sheriff until after the expiration of a year and a day, from the issuing of the execution, which was unlawful; for after the writ of execution was returnable it was functus officio, and a levy after return day was illegal and void. Besides, the new sheriff could not legally sell under an execution begun by the old sheriff, even under a ven-ditioni exponas, although the old sheriff might sell after his office expired. 2 Salk. 700. 1 Burr. 27. If he had returned the ex. ecution that he could not sell for want of buyers, he might after, wards sell by virtue of a venditioni exponas. See 3 Saund. 347. Cro. Ja. 514. 2 Saund, 71, b. note.
New trial granted.
Authorities cited, 7 D. and E. 20. 6 Com. Dig. 437. Salk. 539. 2 Bac. Abr. 370.